**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PATRICIA INSERRA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JEWISH FEDERATION OF OMAHA, INC. d/b/a THE JEWISH FEDERATION OF OMAHA,**<br><br>**Defendant.** | **Case No. 8:13-cv-00224**<br><br>**PROTECTIVE ORDER** |

The matter comes before the Court on the Joint Motion and Stipulation for Protective Order submitted by Plaintiff and Defendant. (Filing 26.) The Court, being fully advised in the premises, finds as follows:

1. It is anticipated that in the course of discovery in this action (the "Litigation"), either Plaintiff or Defendant (collectively, the "Parties" and individually, a "Party") may produce documents or information containing or constituting private, sensitive, confidential, proprietary or other information concerning a Party to the Litigation or concerning persons who are not parties to this Litigation (hereinafter, "Confidential Information").

2. This Protective Order shall be applicable to all Confidential Information designated as "Confidential" or "Attorney's Eyes Only" in accordance with the procedures set forth in this Protective Order by the Parties, by any additional persons or entities hereafter served with summons or entering an appearance herein or produced by any non-party in response to a subpoena. For the purposes of this Protective Order, the term "documents" includes, without limitation, documents or materials, items, testimony elicited in depositions, or other information, including information produced in electronic format, and also includes any derivative, compilation or summary of any "documents," and the information therein.

3. Any Party to this Litigation or any other person who produces or supplies information, documents or tangible items in the course of discovery (hereafter "Designating Party" or "Producing Party") may designate as "Confidential" or "Attorney's Eyes Only" subject to this Protective Order any documents, material or information that it reasonably and in good faith believes constitutes private, sensitive, confidential, proprietary or similarly protected information; however, nothing in this Protective Order shall be construed as a waiver by any

Party of the right to assert a timely, good faith and reasonable objection to any request for discovery or to production of documents or information on the basis that the information sought is private, sensitive, confidential, proprietary or similarly protected information.

4. Confidential Information which a Producing Party produces, either voluntarily or by Court Order, shall be designated as Confidential Information either by marking "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the face of the original or photocopy of the document, information or tangible item ("tangible item" includes a CD or other electronic form of information) being produced and upon each page so designated, if practicable, or by identifying the Bates Number, page number or range of numbers constituting or including Confidential Information. With respect to a deposition, a Party or counsel for a non-party deponent may designate testimony or any exhibits to a deposition as Confidential Information by identifying such testimony or exhibits as Confidential Information during the deposition or, within thirty (30) days following receipt of the deposition transcript, by identifying in a writing sent to all counsel and to the deponent, if not a party, the portions of the transcript and any exhibits which are being designated as Confidential Information.

5. Confidential Information shall not be furnished or disclosed to any person except as provided for herein, and shall be used solely for the purposes of this Litigation and shall not be used for any business or other purpose.

6. Confidential Information may be disclosed only to the following persons:

A. This Court and its personnel.

B. Counsel of record in this Litigation.

C. Plaintiff and officers of Defendant and representatives of Plaintiff and Defendant who have a reasonable need to know the Confidential Information in order to testify, or to participate in litigation decision-making, further provided that person shall execute the Confidentiality Agreement, attached hereto as Exhibit "A". Counsel shall maintain a copy of each such Confidentiality Agreement, and shall provide if requested, a copy of the signed Agreement to counsel for the requesting Parties.

D. Other attorneys employed by the Parties and/or employees of the counsel's law firms to the extent reasonably necessary to render professional services in the Litigation; provided that prior to disclosure, counsel of record have advised such other attorneys and employees of their obligations under this Order.

E. Any consultant, investigator or independent expert (collectively “Expert”) who is assisting in the preparation or trial of this Litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance; provided that, prior to disclosure, each such Expert shall execute the Confidentiality Agreement, attached hereto as Exhibit “A.” Counsel of record retaining such consultant shall maintain a copy of each such Confidentiality Agreement during the course of this Litigation.

F. Persons testifying in depositions (including, without limitation, persons preparing to testify in such depositions) to the extent the Confidential Information was authored by, addressed to, or received by the person or party testifying; provided that, prior to disclosure, each such person shall execute the Confidentiality Agreement, attached hereto as Exhibit “A.” Counsel shall maintain a copy of each such Confidentiality Agreement, and shall provide, if requested, a copy of the signed Agreement to counsel for the requesting Parties. As to any witness shown documents or information designated as Confidential Information, disclosure shall not include the physical transfer to or retention by such individual of any document or any tangible item containing Confidential Information, unless that witness is an Expert referred to in subparagraph E above.

G. Court reporters retained for depositions, hearings or other events in the Litigation.

H. Outside copying services; provided that the copying service has been advised of this Order and executes a Confidentiality Agreement in the form attached hereto as Exhibit A.

I. Materials and information designated as "ATTORNEY'S EYES ONLY" shall not be shown to, discussed with or otherwise disclosed to any person other than those persons identified in subparagraphs A-B, D-F, and G-H.

The designation of "ATTORNEY'S EYES ONLY" shall be used for information which a producing party deems confidential, for which a producing party has a good faith belief that it is confidential, and that it is subject to misuse for which the confidentiality provisions of this Order are not sufficient to address. All information produced and marked "ATTORNEY'S EYES ONLY" shall be treated

as confidential under this Order, pending further Order of the Court or resolution of disputed status as set forth below.

7. Counsel for each Party agrees, acknowledges, and affirms that they shall instruct their respective clients as to the protected nature of Confidential Information, and that Confidential Information shall not be discussed or disclosed to anyone, other than in strict accordance with this Protective Order, and, that the use of any Confidential Information produced in the Litigation in contravention of the terms of this Protective Order may subject the violating entity/entities or individuals to civil action and penalties as may be allowed by law, and any and all remedies deemed appropriate by the Court.

8. Where any documents designated as Confidential Information are included as exhibits to any pleadings, motions, briefs, papers, documents or depositions filed with the Court, unless expressly waived or excused by the Designating Party, such materials must be filed in a sealed envelope or other sealed container marked with the title of the litigation, identifying each enclosed document and thing and bear a statement precisely in the following form:

"CONFIDENTIAL"

"By Order of the United States District Court for the District of Nebraska dated ________________________, 2013, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge(s), the parties, or their attorneys, in this matter."

Transcripts of depositions covered by this Order shall be filed under seal in the manner described above.

9. Non-parties producing documents in this case pursuant to subpoena or other document request may designate such documents as Confidential Information in accordance with paragraph 3 of this Protective Order before production. If a Party wishes to designate documents produced by third parties as Confidential Information, the Designating Party will have twenty (20) days, which may be extended by agreement, after the receipt of the documents to provide a log to the other Parties, identifying the Confidential Information by Bates number, if available, or by other sufficient description to identify the documents to be protected under this Protective Order. The Parties will then prominently mark the Confidential Information “Confidential” on all such documents in their possession.

10. Any Party may, at any time after production of information designated as Confidential Information under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. Within fifteen (15) days of service of the written objections, the Parties shall confer concerning the objection. If the objection is not resolved, the Party objecting to the designation must continue to treat such designated material in a manner consistent with the terms of this Order, however, such Party may file a motion for an order challenging the confidential designation.

11. This Protective Order shall not prevent any of the Parties from moving this Court for an order that information designated as Confidential Information may be disclosed other than in accordance with this Order. Any Party may seek modification of this Protective Order from the Court at any time; however, it shall remain in effect until such time as it is modified, amended or rescinded by the Court.

12. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought. The Parties reserve all proprietary and other rights in any such documents and information produced in accordance with this Protective Order. Disclosure of such documents and information in accordance with this Protective Order is required by applicable rules of civil procedure and shall not be construed to constitute waiver of confidentiality or any proprietary or other rights, or construed as consent to the use, disclosure, or publication of such information or documents except in strict compliance with this Protective Order.

13. Subject to the other provisions of this Protective Order, this Protective Order will not terminate at the conclusion of the Litigation. Within ninety days (90) days after final termination of the Litigation (including any appeal), unless a different date is otherwise agreed by the Parties, all Confidential Information that was produced by a Party to the Litigation shall be returned to, and at the expense of, the Producing or Designating Party, except to the extent that Party agrees in writing that some or all of such documents may be destroyed in lieu of returning the documents. Unless otherwise mutually agreed to by the Parties, each attorney of record shall certify his or her compliance with this section in writing, and deliver the certification to the producing party no later than ninety (90) days after final termination of litigation.

14. Neither the termination of this Litigation nor the termination of employment of any person who has access to Confidential Information shall relieve any such person from the

obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Order.

**IT IS SO ORDERED.**

**DATED January 13, 2014.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**